19-1897
*United States v. Garner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand twenty.

Present:
> DEBRA A. LIVINGSTON,
> > *Chief Judge*,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

─────────────────────

UNITED STATES OF AMERICA,

> *Plaintiff-Appellant*,

v.                                                                 19-1897

ANDREW GARNER,

> *Defendant-Appellee*.*

─────────────────────

─────────────────────

\* The Clerk of the Court is directed to amend the caption as set forth above.

For Plaintiff-Appellant:     MONICA J. RICHARDS, Assistant United States Attorney (Joel L. Violanti, Assistant United States Attorney, *on the brief*), for James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

For Defendants-Appellees:     STEVEN YUROWITZ, Newman & Greenberg LLP, New York, NY.

Appeal from the United States District Court for the Western District of New York (Vilardo, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Andrew Garner was tried in the district court on a seven-count criminal indictment charging him with various federal drug offenses, including one count of conspiracy to distribute five kilograms or more of cocaine. The Government argued to the jury that Garner joined the alleged distribution conspiracy, based primarily on a cooperating witness and alleged co-conspirator's testimony that Garner purchased cocaine from him three times over the span of three months.

The jury acquitted Garner of six of the seven counts, convicting him only on the conspiracy count. For sentencing purposes, the jury found that the "amount of the mixture and substance containing cocaine that was reasonably foreseeable to [Garner] as being part of the conspiracy" was "less than 500 grams." J.A. 919. Garner moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that the evidence was insufficient to support a conspiracy. The district court agreed and granted

2

Garner's motion. Applying the buyer-seller doctrine—pursuant to which evidence of the mere purchase and sale of drugs, without more, is insufficient to support a conviction for conspiracy to distribute drugs—the district court concluded that the evidence at trial showed that Garner only purchased cocaine, not that he joined a cocaine distribution conspiracy with his supplier. The Government argues that the district court improperly replaced the jury's interpretation of the evidence with its own and that Garner's conviction should stand.

Upon *de novo* review, *see United States v. Martoma*, 894 F.3d 64, 72 (2d Cir. 2017), we agree with the district court that the evidence was insufficient to support Garner's conviction for a drug distribution conspiracy, *see Brock v. United States*, 789 F.3d 60, 63–64 (2d Cir. 2015). We have considered the Government's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk